# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **ALLURERA MARTIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:23-cv-00225-TES-MSH** |
| **STATE OF GEORGIA,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER & RECOMMENDATION

Plaintiff Allurera Martin, a prisoner in Lee Arrendale State Prison in Alto, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1]   Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 4.   Thereafter, Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $9.17.   Order, ECF No. 5. Plaintiff was given fourteen days to pay the initial partial filing fee and was cautioned that her failure to do so may result in the dismissal of this action.   *Id.*   Plaintiff failed to pay the initial partial filing fee within the allotted time, and as a result, she was ordered to show cause why this case should not be dismissed based on her failure to pay the fee.   Order, ECF No. 11.

---

[1]When Plaintiff filed this case, she was in Pulaski State Prison in Hawkinsville, Georgia, but she subsequently filed a notice indicating that she is now in Lee Arrendale State Prison. *See* Notice of Change of Address, ECF No. 9.

In response, Plaintiff has now filed a notice to the Court explaining her efforts to have the fee paid from her account.   Letter, ECF No. 12.   Based on this filing, it appears that Plaintiff has tried to comply with the Court's order to pay the initial partial filing fee, but she has been unable to do so through no fault of her own.   *See id.*   Plaintiff should not be prevented from proceeding based on the actions of others.   Therefore, the initial partial filing fee will now be **WAIVED**, and Plaintiff will be permitted to proceed without prepayment of any portion of the fee.   Plaintiff remains responsible for the full balance of the filing fee, as set forth in the order granting her leave to proceed *in forma pauperis*.

On preliminary review of Plaintiff's complaint, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to the State of Georgia and the Georgia Department of Corrections.   Plaintiff will be permitted to proceed for further factual development on her excessive force claim against Officers A. Gordon and Berretta Youngblood.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    <u>Standard of Review</u>

Because she is a prisoner seeking redress from state actors, Plaintiff's complaint is subject to a preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th

Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of her claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

In the complaint, Plaintiff asserts that, on April 24, 2023, when she was at Pulaski State Prison, she was walking to her cell around 7:30 p.m., when Officer A. Gordon began arguing with Plaintiff.   Compl. 5, ECF No. 1.   Gordon then asked Officer Berretta Youngblood to come up to Plaintiff's cell. *Id.*   From there, Gordon and Youngblood escorted Plaintiff to the shower without putting Plaintiff in restraints. *Id.*   On the way to the shower, both officers were pushing and shoving Plaintiff. *Id.*

When they got to the shower, Gordon opened the door, and Youngblood pushed Plaintiff into the shower. *Id.*   Youngblood and Gordon then both came in the shower and began beating Plaintiff. *Id.*   Officer Victrum retrieved the keys to unlock the shower, and Youngblood and Gordon exited the shower, continuing to assault Plaintiff by hitting her, choking her, slamming her to the ground, and sitting on her neck and upper back. *Id.* Plaintiff filed this action naming the State of Georgia, the Georgia Department of Corrections, and Officers Youngblood and Gordon as defendants. *Id.* at 1, 4.

III.    Plaintiff's Claims

A. State Defendants

As an initial matter, to the extent that Plaintiff names the State of Georgia and the Georgia Department of Corrections, they are not proper defendants to this action.   In particular, the Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781,

782 (1978)).   This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief."   *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   The State of Georgia and the Georgia Department of Corrections are thus protected by sovereign immunity.   *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability).   Accordingly, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to the State of Georgia and the Georgia Department of Corrections.

### B. Officers Gordon and Youngblood

Plaintiff's allegations with regard to Officers Gordon and Youngblood raise a potential claim for excessive force.   The Eighth Amendment clearly prohibits the unnecessary and wanton infliction of pain, the infliction of pain without penological justification, and the infliction of pain grossly disproportionate to the severity of the offense.   *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).   To state an Eighth Amendment claim in this context, a plaintiff must allege conduct by a defendant that was objectively harmful enough to establish a constitutional violation and that the defendant acted with a sufficiently culpable state of mind, *i.e.*, that the defendant acted maliciously and sadistically to cause harm.   *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

According to Plaintiff's account, Officers Gordon and Youngblood beat her in the shower with no apparent provocation.   Moreover, even if Plaintiff acted in some way that caused the officers to need to use force, it seems that the beating that Plaintiff described

may have gone beyond any necessary use of force.   Thus, these allegations are sufficient to allow Plaintiff to proceed on her excessive force claims against Officer A. Gordon and Officer Berretta Youngblood.

IV.   Conclusion

Therefore, as set forth above, Plaintiff will be permitted to proceed for further factual development on her excessive force claim against Officer A. Gordon and Officer Berretta Youngblood.   It is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to the state of Georgia and the Georgia Department of Corrections.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANTS OFFICER A. GORDON and OFFICER BERRETTA**

**YOUNGBLOOD** and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced

upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 13th day of December, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE